**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Company, | No. CV-06-889-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Broan Manufacturing Company, Inc., et al., | |
| Defendants. | |

Before the Court is Broan-NuTone, L.L.C.'s ("Defendant")[1] spoliation motion (Dkt. 40). Having considered the parties' arguments, the Court issues this Order.

**BACKGROUND**

This is a subrogation action brought by State Farm Fire and Casualty Company ("Plaintiff") for damages it paid to its insureds, Mariano and Olga Olvera, as the result of a fire in the laundry room of the Olveras' residence that occurred on April 17, 2005. Plaintiff claims the fire was caused by an exhaust fan manufactured by Defendant. On April 21, 2005, fire investigator Doug Christian inspected the fire scene on behalf of Plaintiff. (Def.'s Spoliation Mot. 3.) On April 26, 2005, Mr. Christian returned to the scene with forensic electrical expert George Hogge to analyze electrical appliances, components, and wiring at the residence. (Id. at 4.) On May 13, 2005, Plaintiff advised

---

[1] The other defendants originally named in this action—Broan Manufacturing Company, Broan-Nutone Group, and Nortek, Inc.—have been dismissed. See Dkts. 13, 44.

the Olveras that they could begin repairs to the fire scene.  (Id. at 5.)  Between May 18 and May 23, 2005, Plaintiff referred the insurance claim to its subrogation unit with the intent to pursue recovery against Defendant.  (Id. at Ex. I, pg. 4.)

On June 13, 2005, Plaintiff faxed Defendant a letter notifying Defendant of the fire and of Plaintiff's belief that Defendant's fan was a cause of loss.  (Pl.'s Resp. to Spoliation Mot., Ex. 1.)  The letter also offered Defendant an opportunity to inspect the fire scene prior to repairs.  (Id.)  By that point, however, repairs had already begun and the fire scene had not been preserved.  Defendant has since inspected evidence removed from the fire scene, but was unable to inspect the scene it its original position.

Defendant alternatively contends that Plaintiff's spoliation of the fire scene warrants dismissal of all claims, exclusion of Plaintiff's experts from testifying, or an adverse jury instruction.  Plaintiff responds that destruction of the fire scene—caused by Plaintiff permitting the Olveras to commence repairs before it notified Defendant of the pending claim—was inadvertent, warranting at most an adverse jury instruction.

## STANDARD OF REVIEW

In diversity cases, state law determines a party's duty to preserve evidence that is outcome-determinative, but federal rules govern sanctions for breach of that duty. Allstate Ins. Co. v. Sunbeam Corp., 53 F.3d 804, 806 (7th Cir. 1995).  Arizona law imposes upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery.[2]  Souza v. Fred Carries Contracts, Inc., 955 P.2d 3, 6 (Ariz. App. 1997), quoting Wm. T. Thompson Co. v. General Nutrition Corp., 593 F. Supp. 1443, 1445 (C.D. Cal. 1984).  Sanctions in the Ninth Circuit are left to the broad discretion of the district courts "to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial."  Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992); see also

---

[2] Arizona does not recognize a separate tort of spoliation of evidence.  Souza, 955 P.2d at 5 n.1.

- 2 -

Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993) ("A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence.").

## DISCUSSION

Plaintiff admits that the fire scene should have been preserved, and that its failure to do so violated its obligation to preserve evidence. (Pl.'s Resp. to Spoliation Mot. 5.) Plaintiff suggests, however, that Defendant can still defend the action because some evidence from the fire scene was preserved, Plaintiff's experts have taken some photos of the fire scene, and Defendant's expert formulated an opinion as to the cause of the fire based on the evidence provided by Plaintiff. (See id. at 4-5.) The Court disagrees with Plaintiff's contention. Adopting Plaintiff's position places the Defendant in the role of a supplicant rather than on equal footing to test the evidence.

Defendant urges three possible sanctions applicable to this situation: dismissal, exclusion of Plaintiff's experts, and an adverse jury instruction. Thus the Court need only decide the appropriate response to Plaintiff's destruction of relevant evidence. The Court finds that Plaintiff's spoliation of the fire scene prejudices Defendant's ability to defend this matter to such an extent that dismissal is warranted.

### A. Dismissal

For dismissal to be proper, the conduct to be sanctioned must be due to willfulness, fault, or bad faith. Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995). Due process concerns further require a nexus between the misconduct and the matters in controversy such that the spoliation threatens to interfere with the rightful decision of the case. Id. Before imposing the "harsh sanction" of dismissal, the district court should consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition

of cases on their merits; and (5) the availability of less drastic sanctions. Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006).

### 1. Willfulness

A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the evidence was potentially relevant to the litigation before it was destroyed. Leon, 464 F.3d at 959. As a large insurance company, Plaintiff is a sophisticated litigant aware of its obligations to preserve relevant evidence. (Pl.'s Resp. to Spoliation Mot. 4.) By April 21, 2005, Mr. Christian informed Plaintiff that he believed the ventilation fan was involved as a cause of the fire. (Def.'s Reply to Spoliation Mot., Ex. K, Dep. of Doug Christian 25:6-11, Feb. 12, 2007.) Plaintiff was therefore fully aware that the fire scene would be the central focus of litigation when it advised the Olveras that they could proceed with repairs on May 13, 2005. (Def.'s Spoliation Mot., Ex. I, Pl.'s Resp. to Req. for Admis. ¶10.) Despite being aware of the need to preserve the scene, and that the Olveras would act to repair the damage quickly, Plaintiff did not notify Defendant of the fire until June 13, 2005. (Id. at Ex. J, Sirianni Letter to Broan.)

Thus nearly two months elapsed between the time of the fire and the time Plaintiff notified Defendant—despite clearly understanding that delay would materially compromise the scene and the evidence. Moreover, the determination to advise the Olveras to begin repairs did not trigger Plaintiff to first confirm that Defendant had been notified of the potential claim against it—despite two reports identifying the ventilation fan as a cause of the fire. Although Plaintiff characterizes its actions as "inadvertent" and "unintentional," Plaintiff's delay in notifying Defendant, combined with its clear notice of the fire scene's importance, qualifies as willful spoliation under these circumstances. See Leon, 464 F.3d at 959.

//

//

- 4 -

### 2. Expeditious resolution of litigation and the Court's docket

The first and second factors support dismissal when the destruction of evidence "obscur[es] the factual predicate of the case and consum[es] months of sanction-related litigation." Leon, 464 F.3d at 958 n.5. Plaintiff's spoliation of the fire scene obscures the affects the very heart of the matter in dispute: whether Defendant's fan caused the fire. Defendant's theory is that arc damage within the fan, which Plaintiff points to as evidence that the fan caused the fire, can be explained as evidence of bad wiring. (Def.'s Reply to Spoliation Mot. 5.) But destruction of the fire scene prevented Defendant from inspecting the structural wiring, and Plaintiff did not document or photograph the structural wiring. (Def.'s Reply to Spoliation Mot., Ex. M, Dep. of George Hogge 128:4-130:12, Feb. 12, 2007.) The same is true of Defendant's theory that the polarity of the circuit was reversed. (Id. at 165:8-166:16.)

Destruction of the fire scene has obscured the factual predicate of the case, and the Court has spent significant resources investigating and resolving the spoliation issues. The first two factors therefore support dismissal.

### 3. Prejudice to Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threatened to interfere with the rightful decision of the case. Anheuser-Busch, 69 F.3d at 353-54 (citations omitted). In essence, the origin and causes of the fire would be determined through expert witnesses. Defendant's experts have been deprived of the ability to determine whether the evidence would have supported their theory of the case. Prejudice was found in Anheuser-Busch when the suppression of documents "forced Anheuser to rely on incomplete and spotty evidence." Id. In this case, the destruction of the fire scene forces Defendant to rely on the evidence preserved by Plaintiff—the fan, the light fixture, the switch for the light and fan, and photographs of the fire scene. (Pl.'s Resp. to Spoliation Mot. 10-11.) As noted, evidence which might have supported Defendant's theories of causation were destroyed, and the secondary

photographic evidence is incomplete. Although Defendant's expert was able to create a detailed report based on the evidence preserved from the fire scene, the spoliation in this case forces Defendant to "rely on incomplete and spotty evidence." Anheuser-Busch, 69 F.3d at 353-54. Not only is the evidence incomplete, but it is also limited to that which Plaintiff chose to preserve, and Defendant cannot conduct an independent investigation of the fire scene. The spoliation therefore threatens to interfere with the rightful decision of the case by preventing full development of the alternative theories of causation.

### 4. Policy favoring disposition on the merits

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal. Standing alone, that factor is not sufficient to outweigh the other factors. Leon, 464 F.3d at 960-61, quoting Malone v. U.S. Postal Service, 833 F.2d 128, 133 n.2 (9th Cir. 1987). Nor is the Court inclined to give great weight to this factor when the spoliation hinders the parties' ability to investigate and present the merits of this case.

### 5. Availability of less drastic sanctions

Finally, the Court must consider the availability of less drastic sanctions. Plaintiff argues that no sanction is warranted in this case because Defendant suffered minimal prejudice. (Pl.'s Resp. to Spoliation Mot. 11.) At most, Plaintiff believes an adverse jury instruction is appropriate. (Id. at 12.) Short of dismissal, Defendant seeks exclusion of Plaintiff's experts and an adverse jury instruction. (Def.'s Reply to Spoliation Mot. 7.) Although these lesser sanctions are feasible, they do not cure the prejudice caused to this litigation. Specifically, these lesser sanctions do not address the fact that Defendant has limited evidence available upon which to construct its defense.

Exclusion of evidence is an appropriate sanction when spoliation deprives a party of an opportunity to inspect the evidence. See Unigard Sec. Ins. Co., 982 F.2d at 369. In this case, Plaintiff's destruction of the fire scene prevents Defendant from developing its alternative theories of what caused the fire. Excluding evidence that is based on a first-

hand inspection of the fire scene helps to level the evidentiary playing field, but that sanction does not account for the possibility that the fire scene contained additional evidence to support Defendant's theories of causation.  An adverse jury instruction, combined with exclusion of evidence, helps to offset the risk that exculpatory evidence was lost.  But imposing these two sanctions in tandem would still not cure the fact that Defendant is limited to evidence from the fire scene that Plaintiff preserved, and that Plaintiff neither preserved nor documented the structural wiring and circuit polarity.  Dismissal is the only sanction that addresses this final type of prejudice.

## CONCLUSION

Plaintiff's spoliation of relevant evidence prevented Defendant from inspecting the fire scene directly.  Plaintiff had notice that the fire scene was relevant evidence, by virtue of experience and Mr. Christian's initial report.  Additionally, the factors to be weighed before ordering dismissal of the action support dismissal because lesser sanctions cannot cure the prejudice caused to Defendant and full development of the merits.  Accordingly,

**IT IS HEREBY ORDERED** granting Defendant's Spoliation Motion (Dkt. 40).  This matter is dismissed with prejudice, and the Clerk is directed to terminate the action.

DATED this 13th day of November, 2007.

_Stephen M. McNamee_
Stephen M. McNamee
United States District Judge